## L. J. FURTNER ET UX. V. EDGEWOOD DISTILLING COMPANY.

### Delivered May 12, 1897.

**1. Evidence—Homestead—Dedication—Declaration of Intention.**

Declarations of the owner of property that he intended to make the same his homestead are admissible upon the question whether the property had been dedicated to homestead purposes at the time of the execution of a mortgage thereon.

**2. Same—Same—Same—Same—Not Cumulative.**

The declarations of the owner of property that he intended to occupy it as a homestead are not cumulative of his testimony on the trial that he intended to occupy the lots as a homestead at the time he executed a mortgage thereon, and that everybody knew it.

**3. Homestead—Dedication—Possession of Other Property—Effect.**

The fact that one has another parcel of land which might be devoted to homestead purposes does not deprive his intention and preparation to occupy the parcel in question as a homestead of the effect of a dedication thereof to such purpose.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*J. D. Martin,* for appellants.—Where a homestead is not dedicated by actual occupancy, effect must be given to ownership, intention, and preparation to use for a home, and no higher evidence of intention to occupy and preparation to use for a home can be given than the declarations of the owner at the time he is about to erect improvements upon the property, made to those by whom the improvements are to be erected. Stone v. Darnell, 20 Texas, 15; Cameron v. Gebbard, 85 Texas, 614; Archibald v. Jacobs, 69 Texas, 251.

*Lewy & Sehorn,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee to recover a debt of $1302.13, and to foreclose a mortgage lien on certain lots of land in the city of San Antonio. Appellants answered that the land was their homestead, alleging that they had sold a former homestead, but had sold the same and had dedicated the lots in controversy to homestead purposes, by having the brush and undergrowth cleared from it, by erecting a substantial fence around it, by setting out and caring for shade trees, and by obtaining plans and specifications for a house from an architect, and an estimate of cost from carpenters. The cause was tried with a jury, and resulted in a verdict and judgment for appellee.

During the trial appellants offered to show by Rendle, a contractor, by Wooley, the architect, by Goodrich, who built the fence, and by Lock, a builder, that prior to the execution of the mortgage, and in conversations brought about in connection with the submission of plans and the proposed building of the house and fence, Furtner had declared that he intended to make the lots his home, and wanted the house built for a homestead for himself and family. The evidence was excluded as being self-serving.

The intention of Furtner in regard to the lots was the pivotal point in the case. As said in Cameron v. Gebbard, 85 Texas, 610, "Intention is almost the only thing that may not be dispensed with in some state of case; and it follows that this intention in good faith to occupy is the prime factor in securing the benefits of the exemption. Preparation—that is, such acts as manifest this intention—is but the corroborating witness to the declaration of intention, the safeguard against fraud, and an assurance of the bona fides of the declared intention of the party."

The intentions of men are shown by their acts and declarations, in connection with the subject matter. Acts of preparation, however, in connection with a parcel of land are not sufficient alone to impress the homestead character upon it. Land is often improved for other than homestead purposes, and the proof of making improvements that can be used for a home would be a strong circumstance, perhaps, to evidence the designation of a homestead, but taken alone would not be sufficient. There must accompany such preparation a bona fide intention to occupy as a home. We know of no stronger proof of intention than the declarations of the party, made in connection with preparations. The declarations of Furtner, made in connection with the preparations he was making, gave character to the preparations as nothing else could give. Evidence of them should have been admitted.

The contention of appellee that, appellants having testified that they intended to occupy the lots as a homestead, and that everybody knew it, the excluded evidence was merely cumulative, is without merit. The evidence was not cumulative, but was original and pertinent, and may have been very effective with the jury.

We can not agree with the proposition advanced by appellee, that the fact that appellants had other property would conclude them from showing that they had set apart any certain lots for a homestead. While in a majority of adjudicated cases on the question of homesteads the parties claiming the homestead right had no other property, still that fact can not be properly used as an argument against the acquisition of a homestead by merely having other property than that in dispute. When the testimony shows the dedication of a parcel of land to homestead purposes, by intention and preparation to occupy it as such, the fact of the claimant having other property can not be used as a weapon to deprive him of his right. However, proof of the fact of awarding and improving other property might be permissible for the purpose of weakening the effect of proof of improvement of the place claimed as a homestead, but it can not be held to be conclusive of the rights of the claimant.

We do not see the pertinence of the testimony as to the sale of land made by Furtner to Glenn Raymond, and the reconveyance by the latter to Mrs. Furtner.

It is unnecessary to discuss the other assignments of error.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*